**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**ERIN MCCHESNEY**                                                                             **PLAINTIFF**

**v.**                                           **CAUSE NO.** 1:22cv190-SA-DAS

**OKTIBBEHA COUNTY, MISSISSIPPI and
SHERIFF STEVE GLADNEY IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES and CHIEF
DEPUTY CHADD GARNETT IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES**                             **DEFENDANTS**

**COMPLAINT
JURY TRIAL DEMANDED**

COMES NOW THE PLAINTIFF, Erin McChesney via counsel and files this complaint for legal remedy for injury she suffered due to her employers' violations of 29 U.S.C. § 201, et seq, the "Fair Labor Standards Act of 1938," (FLSA) and in support would show unto the Court the following, to wit:

**PARTIES**

1. The plaintiff, Erin McChesney, is an adult resident of Oktibbeha County, Mississippi. During the focus of this litigation, she was an employee as defined by 29 U.S.C. § 203(e)(2)(a) and 29 C.F.R. § 553.211, to wit: an Oktibbeha County Deputy Sheriff vested with the power of arrest and charged with keeping the public peace. She was not part of any administrative or policymaking role in this employment.

2. The defendant, Oktibbeha County, is a political subdivision of Mississippi. The plaintiff worked for Oktibbeha County. This defendant is an 'employer' consistent with 29 U.S.C. § 203(d). The county may be properly noticed by service of a copy of the complaint and a summons upon the president or clerk of the board of supervisors of that county.

3. The defendant, Steve Gladney, is the sheriff of Oktibbeha County and pertinent to this litigation was the head of the sheriff's department that failed to pay the plaintiff for all her time at work. This defendant is an 'employer' consistent with 29 U.S.C. § 203(d). The county may be properly noticed by service of a copy of the complaint and a summons upon him at the Oktibbeha County Sheriff's Office or wherever found.

4. The defendant, Chadd Garnett, is the chief deputy sheriff of Oktibbeha County and pertinent to this litigation was the department head responsible for the payment of the plaintiff and has exhibited bad faith by refusing to pay the plaintiff for all the hours he worked. This defendant is an 'employer' consistent with 29 U.S.C. § 203(d). The county may be properly noticed by service of a copy of the complaint and a summons upon him at the Oktibbeha County Sheriff's Office or wherever found.

## JURISIDCTION AND VENUE

5. This Court has Federal Question Jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

6. Venue before this Court is also proper commensurate with 29 U.S.C. § 216(b) in that the injuries to the plaintiff occurred within the Aberdeen Division of the United States District Court of the Northern District of Mississippi.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

7. Pertinent to this litigation, the plaintiff was a deputy sheriff for the Oktibbeha County Sheriff's Department, beginning employment in that capacity in June of 2019 and ending in August of 2022.

8. The plaintiff was assigned to patrol, working scheduled 12-hour shifts, beginning at 6:00 pm or 6:00 am, depending on the assignment. She rotated from day shift to night shift and vice versa.

9. The plaintiff was directed to report for "briefing" at the sheriff's department fifteen minutes before each shift, being 5:45 am or pm, depending on the shift she was working. She was not paid for this time.

10. The plaintiff was assigned a marked sheriff's patrol car with which to work and that she was assigned to take home each day. She would leave home in this vehicle, in uniform, as early as 5:00 in time to make it to the briefing at 5:45 and was not compensated for this time.

11. The plaintiff would notify the dispatcher that she was in the car in uniform, known as "10-8" when on the way to the mandatory briefing. Many times, she would get dispatched to calls or have to make a traffic stop while enroute to briefing. Further, there were times she would not end her duties until after the time her scheduled shift ended. Many days, being of law rank on the shift, she was stuck finishing reports after her regularly scheduled shift ended. She was not paid for these hours.

12. At all times above, the defendants knew of, approved, and/or directed this work outside of the plaintiff's regularly scheduled shift, and failed to pay for this time.

13. The plaintiff had to attend pr was allowed to attend various in-service training sessions to perform her duties when she was otherwise not scheduled to work. She was not paid for such, whether traveling to, attending, or traveling from.

### THE WILLFUL VIOLATION OF THE FLSA JUSTIFIES A 3-YEAR STATUTE OF LIMITATIONS

14. At all times referenced above, the defendants knew of, approved, and/or directed this work outside of the plaintiff's regularly scheduled shift, and failed to pay the plaintiff for this time.

15. The plaintiff attempted to address this issue of violations of the FLSA, essentially not being paid overtime, with the defendants to no avail. The defendants told the plaintiff and others

that the time the deputies actually worked was a few hours every shift and they would not be paid overtime. This continued until the plaintiff ended her employment with the department.

16. Instead of the normal two-year lookback for FLSA cases, the bad faith exhibited by the defendants justifies a three-year lookback for wrongful FLSA payments as provided by 29 U.S.C. § 255.

## VIOLATION OF THE PORTAL TO PORTAL ACT

17. The plaintiff had to take her patrol car home and had to drive it to and from 'work.'

18. The plaintiff was subject to taking actual law enforcement actions while traveling to the 'briefing' of which she had to attend. She was engaged to await call. As such, once she was in uniform and in her marked patrol car she was at the actual place of performance of the principal activity she was employed to perform, in a patrol car in the county of her jurisdiction. As such, she should have been paid from the time she left her residence to the time she returned off-duty, pursuant to the Portal-to-Portal Act and the Fair Standards Labor Act. The time attending and traveling to and from job-related training and events is also compensable under the FLSA.

## ACTUAL DAMAGES

19. Oktibbeha County engages in interstate commerce and for this and other reasons must pay non-exempt employees hourly wages and FLSA overtime for all times worked over the maximum allowed by law.

20. The plaintiff had to attend briefing 15 minutes before each shift and travel for 15 additional minutes to arrive there. This results in at least 3.5 unpaid hours per two-week pay period (30 minutes for each of seven days per pay period.)

21. The plaintiff had to attend briefing 15 minutes before each shift and travel for approximately 45 additional minutes to arrive there on time. This results in at least seven unpaid hours per two-week pay period (one hour for each of seven days per pay period.) This, alone, would figure approximately 105 hours during her tenure with the sheriff's department.

22. The plaintiff has worked other hours which will calculate over the previous number, which includes answering early and late calls that extended beyond the scheduled 6:00 to 6:00 shifts to which she was assigned.

23. Finally, the plaintiff has additional hours of overtime unpaid for in-service training related to her duties. The plaintiff should have been also compensated for driving to and from these events.

24. The plaintiff's regular rate of pay was approximately $17.75 per hour. Her overtime rate would have been from approximately $26.50/hr. to approximately $28.00/hr. during her tenure with the sheriff's department.

25. A very conservative estimate yields actual damages in the area of $3,000.00.

## LIQUIDATED DAMAGES

26. The plaintiff attempted to address this underpayment to her superiors and was turned away. This response indicates a bad faith effort of the defendants to deprive the plaintiff of her just compensation due under the FLSA. Thus, the plaintiff is entitled to an number of liquidated damages equal to the amount of actual damages she suffered.

## ATTORNEY'S FEES

27. The plaintiff is entitled to costs and attorney fees as allowed by the FLSA by being forced to sue to recover her damages.

## PRAYER FOR RELIEF

28. WHEREFORE PREMISES CONSIDERED, the plaintiff respectfully prays that upon presentation of the facts of this matter, that she be granted the following relief as required by the FLSA:

   a. Compensation for all unpaid time and/or overtime due,

   b. An additional equivalent amount of compensation as liquidated damages,

   c. Costs and Attorney Fees, and

   d. For what other relief the plaintiff may be entitled to if not for specifically pled.

SUBMITTED, this the 7th day of December, 2022,

**Erin McChesney**

By: *s/ Francis S. Springer*
Her Attorney

Francis S. Springer
MS Bar# 103974
Springer Law Office, PLLC
213 S. Lamar Street
Jackson, MS 39201
PO Box 1280
Madison, MS 39130-1280
Office: 601-605-5004
Fax: 877-605-5004
E-mail: springerlawoffice@gmail.com